**Ex parte Shirley Ann KELLER.**

**Ex parte Jack Gordon FRANKLIN.**

Nos. 62936, 62937.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 6, 1980.

Clyde W. Woody, Houston, for Keller.

Robert W. Tarrant, Houston, for Franklin.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and W. Paul Mewis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a habeas corpus proceeding wherein the petitioners requested the trial court to reduce the bail set in these causes.

Petitioners have been in custody since August 22, 1979, each having been indicted in three separate cases for the offense of theft by receiving stolen property alleged to be in excess of one million dollars. At the conclusion of the hearing on their applications, the trial court set petitioner Keller's bail in the amount of $100,000 in each cause and set petitioner Franklin's bail in the amount of $200,000 in each cause. It is from these orders that petitioners have perfected this appeal.

Petitioner Franklin presented evidence that he is married, has two children, and has lived in Houston since 1936 save for five years which he spent in the Navy. Petitioner graduated from a Texas University and is self-employed as a remodeling contractor, as he has been since 1954. He was convicted of the offense of auto theft in the State of Louisiana in 1965, serving ten months of a five year sentence in addition to receiving a "suspended sentence" in Houston for the same offense. Franklin testified that he would be able to "get together" some $3,500 in order to post bond in the instant cases.

Petitioner Keller presented evidence that she is married, has two teenage girls, and has lived in Houston all of her life. As her husband is currently serving a life sentence in the Texas Department of Corrections as an habitual criminal, her two daughters have been living in the family house by themselves. Keller was employed as a bookkeeper at the time of her arrest. She testified that she had successfully served a five year probated sentence for the offense of forgery in 1969 as well as having served a probated sentence for the misdemeanor offense of shoplifting. Keller was unable to give an approximation of how much money she would be able to raise for bail merely stating that "as far as she knew," she would be unable to raise any funds to post bond.

Each petitioner testified that they would appear in court at any time they are required to. Additionally, Franklin's brother, sister, and a family friend all said that he would appear in court as directed, and that they all would indemnify his bond. Keller's mother, sister, and cousin all testified that she would appear in court as directed, and that they would all indemnify her bond.

We note at the outset that the State presented no testimony as to the circumstances surrounding the theft of the property that each petitioner is alleged to have received, or of the sufficiency of the evidence indicating the likelihood of conviction in any of the causes. The State's evidence consisted of the testimony of two agents of the Federal Bureau of Investigation who were involved in negotiating with petitioners to buy allegedly stolen property. The agents reported that they observed Franklin and Keller transfer what appeared to be items of property from Keller's vehicle to Franklin's in a shopping center parking lot.

The trial court initially set each petitioner's bail at $200,000 in each cause. At the conclusion of the evidence noted:

> "I have *heard* that there is in this case, *by counsel prior to calling witnesses*, that there is property in excess of Nine Hundred and Twenty Thousand Dollars ($920,000) that has not been recovered in this case, and I will set the bond on Jack Gordon Franklin at Two Hundred Thousand Dollars ($200,000) in each case and on Mrs. Keller at One Hundred Thousand Dollars ($100,000) in each case." [1]

We do not speculate as to why the trial court reversed its earlier decision of setting *each* petitioner's bond at $200,000 for each cause and decreasing Keller's bond to $100,-000. However our own examination of the record at the hearing below does not persuade us that Franklin's alleged culpability is any greater than Keller's, at least not to the tune of $100,000 per offense. Additionally, we note our disapproval of consideration of an "off-the-record" conversation with counsel in which the trial court was told of the amount of the outstanding property. This information *does not* appear in this record in the form of sworn testimony and we therefore feel it is of little moment as regards our eventual determination as to what bail should be set at in this case. To the extent it suggests that petitioners are being held hostage for return of stolen property, we reject the suggestion.

While the amount of bail set in a criminal proceeding should be sufficiently high to give a reasonable assurance that the

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

accused will appear as required, the power to set bail is not to be used so as to make it an instrument of oppression. *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Cr.App.1977). Though an ability or inability to make bail does not in and of itself control in determining an amount to be set, it *is* an element to be considered along with other statutory factors. *Ex parte Branch*, 553 S.W.2d 380 (Tex.Cr.App.1977).

 We believe that each petitioner adequately bore the burden of proof in showing that each is entitled to a reduction in the bail heretofore set. See, e. g., *Ex parte Vasquez*, supra; *Ex parte August*, 552 S.W.2d 169 (Tex.Cr.App.1977). This record reflects that petitioner Keller has lived in Houston all her life; has two teenage daughters who have been forced to live in a house by themselves during the six months that their mother has been incarcerated; that she was employed; and most importantly, that she successfully served a five year probated sentence without any suggestion of ever failing to report as directed, an experience that is entitled to weight as regards the likelihood of her reporting to court as required. Petitioner Franklin has also substantial roots in the Houston community in which he has lived since 1936 and has been self-employed since 1954. He has a wife and two children and, aside from the time that he served in prison for a non violent crime, there is nothing in his background which would lead us to believe that he would not appear as directed, albeit under a lower amount of bail.

Each petitioner has requested that this Court reduce the amount of bail set in each individual cause to $10,000. On the record before us, and unable to find evidence that Franklin's alleged culpability justifies the disparate treatment of having his own bail twice the amount of Keller's, we hold that each petitioner's bail shall be in the sum of $10,000 for each individual cause.

The petitioners' request for reduction of bail is granted and bail is set in the sum of $10,000 for each of the three pending causes.

It is so ordered.

DOUGLAS, J., dissents.