**Ex parte James Alvin PARISH,
Appellant.**

**No. 63809.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 21, 1980.

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and Charles A. Rosenthal, Jr., Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order of the 180th District Court of Harris County in a habeas corpus proceeding in which the court continued bail at $100,000.

Appellant was indicted on December 11, 1979, for solicitation of capital murder. The circumstances of the offense are not shown by the record.

Appellant's wife testified that she and Parish have been married seven years and have lived in the same house, upon which they make mortgage payments, for six years. Appellant's parents have lived in Trinity for many years; his mother-in-law lives in Houston. Parish and his wife have one child, a five-year-old son in school in Houston.

Appellant, if admitted to bail, would take home approximately $500 per month as a wrecker driver. The Parishes have no savings account and less than $500 in their checking accounts. Mrs. Parish testified that appellant could make bail if it were set at $5,000.

Parish received probation in 1975 upon a conviction for misdemeanor theft, but no other criminal record has been alleged by the State.

Taking into consideration the serious nature of the offense alleged—a first degree felony carrying a possible prison term of from 5–99 years, or life, the lack of evidence about the circumstances under which it was alleged to have been committed, appellant's strong and longstanding ties to the community, his limited ability to make bail, and the dual admonition of Article 17.15, V.A.C.C.P., that bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, but that it not be used so as to become an instrument of oppression, we find that $100,000 is an excessive amount of bail in the instant case and order that it be reduced to $20,000.

It is so ordered.