TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00172-CR







Ex parte Ruben Ramirez








FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 37,778, HONORABLE JOE CARROLL, JUDGE PRESIDING







In July 1989, appellant Ruben Ramirez was placed on deferred adjudication
community supervision for ten years after pleading guilty to burglary of a habitation. In January
1999, the State filed a motion to adjudicate guilt alleging several violations of the conditions of
supervision. Appellant was arrested and remains incarcerated pending a hearing on the State's
motion. In March, appellant applied for a writ of habeas corpus seeking a reduction in bail. The
writ issued, and relief was denied following a hearing. In this appeal, appellant contends the
district court abused its discretion by refusing to reduce bail.

The right to release on reasonable bail is constitutionally guaranteed. Tex. Const.
art. I, §§ 11, 13. With certain narrow exceptions not applicable to appellant, all persons are
entitled to bail pending trial. Smith v. State, 829 S.W.2d 885, 886-87 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd); see Tex. Const. art. I, § 11a. A defendant whose adjudication of guilt
has been deferred is entitled to bail pending a hearing on a motion to adjudicate. Ex parte Laday,
594 S.W.2d 102, 104 (Tex. Crim. App. 1980).

The primary purpose of bail is to secure the presence of the defendant. Ex parte
Vasquez, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The setting of bail is committed to the
discretion of the trial court or magistrate, but the exercise of this discretion is governed by the
constitution and statutes. See Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1999). Bail
should be sufficiently high to give reasonable assurance that the undertaking will be complied
with, but the power to require bail is not to be used so as to make it an instrument of oppression. 
Id. art. 17.15(1), (2). The nature of the offense and the circumstances under which it was
committed are factors to be considered in setting bail, as is the future safety of the community and
the victim of the alleged offense. Id. art. 17.15(3), (5). The defendant's ability to make bail also
must be considered, but the ability of the accused to make bail does not of itself control the amount
of bail. Ex parte Gentry, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981); art. 17.15(4). In
determining the likelihood of the defendant complying with the conditions of bail, consideration
may also be given to such factors as the defendant's ties to the community, cooperation with the
police, and record of appearances in the past. See Ex parte Williams, 619 S.W.2d 180, 183 (Tex.
Crim. App. 1981); Gentry, 615 S.W.2d at 231; Ex parte Parish, 598 S.W.2d 872, 873 (Tex.
Crim. App. 1980); Ex parte Keller, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980). The burden
of proof is on the applicant to prove that bail is excessive. Ex parte Rubac, 611 S.W.2d 848, 849
(Tex. Crim. App. 1981).

Appellant's bail is currently set at $35,000. The record reflects that bail was set
at $10,000 following appellant's original arrest in 1989. After the filing of a previous motion to
adjudicate that was later dismissed, appellant was released on a $2000 personal recognizance bond.

The testimony at the hearing below was sparse. Appellant's mother testified that
appellant, age thirty-five, is a lifelong resident of Bell County. Appellant is an electrician who
makes "about 250, 275" per unspecified pay period. Appellant resides either with his mother or
with a girlfriend, does not own real estate or an automobile, and has no bank accounts. An
employee of a bail bond company testified that based on her interview of appellant and his family,
she was of the opinion that "financially there is no way they can meet" the $35,000 bond. She
believed that appellant could afford a bond in the $2000 to $5000 range. She had researched
appellant's previous bond history and found no evidence that he ever failed to appear. The State
offered no evidence.

Because it is the basis for appellant's appeal, we quote the district court's statement
of its reasons for keeping bail at $35,000.


Article 17.15 of the Code of Criminal Procedure provides that in the
amount of bail that the judge should consider the future safety of the victim and the
community and also that the nature of the offense and the circumstances under
which it was committed should be considered. In this case I think that the bond
should be $35,000 or more based upon the contents of the file which I want to just
go over with you.


Back in July of '89 when he went on probation he was ordered to get
alcohol screening and counseling and give an alcohol scan testing. In '94 he had
a motion to revoke for DWI. They amended his judgment, put him on a
specialized case load for substance abuse, sent him to Alcoholics Anonymous, gave
him electronic monitor and curfew, and he was convicted of that DWI in '94.

In '96 he got in trouble again, and they amended his probation and gave him
an order that he had to go to the Cen-Tex Rehabilitation Center for six months
were he was voluntarily committed to that. He went into that alcohol rehabilitation
program.


Then after that you filed an application for early dismissal form. And in
response to your application for early dismissal the probation office wrote a letter
to the judge and said that he had been charged with bodily injury, assault with
bodily injury, but they dismissed that in 1990 if he would go to the Drug and
Alcohol Information and Referral Education. (1) So they dismissed that. He went to
that program.


That he got a P.I., public intoxication, in January of '93, and that--You
know, in the letter it says, "Has he ever had a positive urinalysis?" And they write
a letter back in response to your request and say he admitted drinking alcohol in
April of '95, May of '95, June of '95, June again of '95, July of '95, August of
'95, September of '95, October of '95, November of '95. Tested positive for THC
which you know is the positive ingredient in marijuana in January of '97, admitted
drinking alcohol and smoking marijuana in May of '96, admitted drinking alcohol
in June of '96, . . . July of '96, October of '96 and December of '97. And then he
had gone to the DWI education classes and the electronic monitor, substance abuse
case load, Cen-Tex Rehab Center and Alcoholics Anonymous, and he made the
comment that he would probably resume drinking after supervision was over. And
then in September of '98 he got a DWI.


So, you know, this is the Court's file. I am taking judicial knowledge of
the Court's file, and I am reading the motion to revoke. And based on that and all
the content of this, I think that the bond should not be lowered.


. . .


My position is the safety of the public is such that if I reduce this guy's bond and
let him out, and if he goes out and gets another DWI and runs over and kills
somebody, well, I just feel like that for the safety of the community that until his
trial he needs to be held on this.

Appellant relies on this Court's opinion in Ex parte Harris, 733 S.W.2d 712 (Tex.
App.--Austin 1987, no pet.). The defendant in that case was a 58 year-old man with an extensive
history of alcohol-related convictions. Following his latest conviction for driving while
intoxicated, the district court set bail pending appeal at $50,000 and refused to lower it on the
defendant's writ of habeas corpus. The court explained:


I think because of his bad record, I just wouldn't feel right in lowering the
bond any. I'd hate to put that upon the citizens of Travis County. . . . I just feel
a duty to the community to protect the community. If he'd get out and kill
someone, I'd never get over it. I'd rather see him in jail than to see someone's life
taken . . . . I just wouldn't feel right with this horrible record.



Id. at 714. This Court concluded that the district court had abused its discretion:



It is clear that the district court's refusal to reduce bail was not based on a
determination that $50,000 bail is necessary to assure appellant's presence should
his conviction be affirmed, nor was it based on a finding that appellant had not
made an adequate effort to make bail in the amount set. Rather, the district court
continued bail at $50,000 on the obvious assumption that appellant could not afford
bail in that amount and for the express purpose of forcing appellant to remain
incarcerated pending appeal. It is the opinion of this Court that this action
constituted an abuse of the district court's discretion.


. . . . [T]he district court elected to set bail, but in an amount calculated to
be beyond appellant's means and to assure appellant's continued incarceration. The
district court, by so doing, used bail as an instrument of oppression in violation of
the constitution and statutes of this State.



Id.

Appellant argues that the district court in the present cause, like the court in Harris,
abused its discretion by setting bail in an amount calculated to be beyond his means for the
deliberate purpose of assuring his continued incarceration. The State argues that Harris is
factually distinguishable. The defendant in that case had been convicted and faced a punishment
of imprisonment for only four years. Appellant, on the other hand, has yet to be convicted of
burglary of a habitation and faces a possible prison term of five years to life. The State also
argues that, unlike the trial court in Harris, the district court did not deliberately set bail in an
amount appellant could not make, but merely exercised its statutory authority to take community
safety into consideration as a factor in setting reasonable bail.

The admonition to take the future safety of the community into consideration in
setting bail was added to article 17.15 in 1993, after Harris was decided. See Act of May 22,
1993, 73d Leg., R.S., ch. 396, § 1, 1993 Tex. Gen. Laws. 1694, 1695. We would not, however,
decide Harris differently today. There is an obvious tension between article 17.15(5) and the
constitutional right to bail. It is understandable that a magistrate who believes an accused, if
released, poses a danger to the community or to the victim of the alleged offense may also believe
the accused should remain in custody pending trial. Nevertheless, a magistrate who deliberately
sets bail in an amount the defendant cannot meet in order to assure his continued incarceration and
for no other reason effectively denies the defendant his constitutional right to reasonable bail. 
Using article 17.15(5) in this manner violates article I, sections 11 and 13 of the Texas
Constitution. A court may consider community safety as only one factor in determining a
reasonable bail. Community safety cannot be invoked to justify the setting of excessive bail in
a deliberate effort to prevent a defendant's release.

In the present cause, the district court's statements make it clear that the decision
to leave appellant's bail at $35,000 was based largely, if not entirely, on its concern for public
safety, and reflects the court's belief that appellant should remain in custody ("I just feel like that
for the safety of the community that until his trial he needs to be held on this"). But the court's
reason for refusing to reduce bail is not, in itself, the dispositive issue in this appeal. We may set
aside the district court's order only if a consideration of all relevant factors leads to the conclusion
that appellant's bail is so clearly excessive that no reasonable person would refuse to reduce it. 
See Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992) (court abuses its discretion
"only when the . . . decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree").

Appellant's $35,000 bail pending disposition of the motion to adjudicate is not, on
its face, obviously unreasonable. Burglary of a habitation is a first-degree felony. See Tex. Penal
Code Ann. § 30.02(d)(1) (West Supp. 1999). Appellant has pleaded guilty and judicially
confessed to committing this offense, and the district court has determined that the evidence
substantiates appellant's guilt. If appellant is adjudicated guilty, he faces a possible prison term
of five years to life and a fine of up to $10,000. See Tex. Penal Code Ann. § 12.32 (West 1994). 
Considering the nature and seriousness of the offense and the other factors previously discussed,
including community safety, and given the minimal evidence adduced at the hearing below, we
conclude that appellant's bail has not been proved clearly excessive. 




The order of the district court refusing appellant's request for a reduction of bail
is affirmed.



 

 Jan Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: June 17, 1999

Do Not Publish
1. The letter to which the court refers is the "statement of facts pertaining to request for early
dismissal from supervision" prepared by the local community supervision department. In addition
to the matters recited by the court, this document also reflects that appellant was continuously
employed while on community supervision, except for one month, and paid all fines, court costs,
and fees. 



P="BR1">
Id.

Appellant argues that the district court in the present cause, like the court in Harris,
abused its discretion by setting bail in an amount calculated to be beyond his means for the
deliberate purpose of assuring his continued incarceration. The State argues that Harris is
factually distinguishable. The defendant in that case had been convicted and faced a punishment
of imprisonment for only four years. Appellant, on the other hand, has yet to be convicted of
burglary of a habitation and faces a possible prison term of five years to life. The State also
argues that, unlike the trial court in Harris, the district court did not deliberately set bail in an
amount appellant could not make, but merely exercised its statutory authority to take community
safety into consideration as a factor in setting reasonable bail.

The admonition to take the future safety of the community into consideration in
setting bail was added to article 17.15 in 1993, after Harris was decided. See Act of May 22,
1993, 73d Leg., R.S., ch. 396, § 1, 1993 Tex. Gen. Laws. 1694, 1695. We would not, however,
decide Harris differently today. There is an obvious tension between article 17.15(5) and the
constitutional right to bail. It is understandable that a magistrate who believes an accused, if
released, poses a danger to the community or to the victim of the alleged offense may also believe
the accused should remain in custody pending trial. Nevertheless, a magistrate who deliberately
sets bail in an amount the defendant cannot meet in order to assure his continued incarceration and
for no other reason effectively denies the defendant his constitutional right to reasonable bail. 
Using article 17.15(5) in this manner violates article I, sections 11 and 13 of the Texas
Constitution. A court may consider community safety as only one factor in determining a
reasonable bail. Community safety cannot be invoked to justify the setting of excessive bail in
a deliberate effort to prevent a defendant's release.

In the present cause, the district court's statements make it clear that the decision
to leave appellant's bail at $35,000 was based largely, if not entirely, on its concern for public
safety, and reflects the court's belief that appellant should remain in custody ("I just feel like that
for the safety of the community that until his trial he needs to be held on this"). But the court's
reason for refusing to reduce bail is not, in itself, the dispositive issue in this appeal. We may set
aside the district court's order only if a consideration of all relevant factors leads to the conclusion
that appellant's bail is so clearly excessive that no reasonable person would refuse to reduce it. 
See Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992) (court abuses its discretion
"only when the . . . decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree").

Appellant's $35,000 bail pending disposition of the motion to adjudicate is not, on
its face, obviously unreasonable. Burglary of a habitation is a first-degree felony. See Tex. Penal
Code Ann. § 30.02(d)(1) (West Supp. 1999). Appellant has pleaded guilty and judicially
confessed to committing this offense, and the district court has determined that the evidence
substantiates appellant's guilt. If appellant is adjudicated guilty, he faces a possible prison term
of five years to life and a fine of up to $10,000. See Tex. Penal Code Ann. § 12.32 (West 1994). 
Considering the nature and seriousness of the offense and the other factors previously discussed,
including community safety, and given the minimal evidence adduced at the hearing below, we
conclude that appellant's bail has not been proved clearly excessive. 




The order of the district court refusing appellant's request for a reduction of bail
is affirmed.