# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00641-CR

## Ex parte Gabriel Leonides

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 3011662, HONORABLE FRANK W. BRYAN JR., JUDGE PRESIDING

Gabriel Leonides is confined while awaiting trial on an indictment for intoxication manslaughter. A municipal court judge set appellant's bail at $250,000. Appellant petitioned for a writ of habeas corpus, complaining that the amount of bail was excessive and asking that it be reduced. The writ issued and, after a hearing, the trial court lowered bail to $175,000. We affirm the trial court's order.

## DISCUSSION

The primary purpose of bail is to secure the presence of the defendant. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The setting of bail is committed to the discretion of the trial court or magistrate, but the exercise of this discretion is governed by the constitution and statutes. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 2002). Bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, but the power to require bail is not to be used as an instrument of oppression. *Id.* art. 17.15(1), (2). The

nature of the offense and the circumstances under which it was committed are factors to be considered in setting bail, as is the future safety of the community and the victim of the alleged offense. *Id*. art. 17.15 (3), (5). The defendant's ability to make bail also must be considered, but is not of itself controlling. *Id.* art. 17.15(4); *Ex parte Gentry*, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981). In determining the likelihood of the defendant complying with the bail conditions, consideration also may be given to such factors as the defendant's ties to the community, cooperation with the police, and record of appearances in the past. *See Ex parte Williams*, 619 S.W.2d 180, 183 (Tex. Crim. App. 1981); *Gentry*, 615 S.W.2d at 231; *Ex parte Parish*, 598 S.W.2d 872, 873 (Tex. Crim. App. 1980); *Ex parte Keller*, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980).

The burden of proof is on appellant to prove that the bail set is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). We review the trial court's ruling for an abuse of discretion. *Id*. at 850.

Appellant's spouse, sister-in-law, and friend, Miguel Segundo-Garcia, testified at the hearing on appellant's behalf. Appellant's spouse testified that she and appellant have been married for seven years; they have three children, all of whom were born in Austin; and that appellant's father and two brothers have resided in Austin for the past seven years. She further testified that she earns seven dollars per hour and that she and appellant own no real property and have no assets. They have agreed to pay $150 per week to a lawyer to represent appellant.

Appellant's sister-in-law, Maria Ortiz, testified that appellant has lived in Austin for about ten years and that his father has lived in Austin for fifteen years. Appellant has been employed by the same employer for seven or eight years and appellant's spouse has become the sole provider

2

for the family since appellant's arrest. Both appellant's spouse and Ms. Ortiz testified that appellant's family was unable to raise money for a bond. Ms. Ortiz also testified that on the day of the incident, appellant's car was being driven, not by appellant, but by another individual, Efrain Ayala.

Miguel Segundo-Garcia testified to the events occurring before appellant's arrest. He testified that, immediately before the accident that led to appellant's arrest, Ayala and appellant switched seats in the car. But Segundo-Garcia did not remember speaking with police or telling them that appellant was driving at the time of the accident.

At the conclusion of the hearing, the trial court lowered bail to $175,000, explaining the considerations underlying his decision: (1) the defendant's ability to make bail is low and he does not have significant assets; (2) the offense is a serious offense, resulting in the death of another person; (3) the defendant had previously been convicted of DWI in 1998 and appeared for those proceedings; (4) unlike the prior DWI, this case is a second-degree felony with a deadly weapon allegation; and (5) the defendant is not a legal resident of the United States and has family ties in Mexico. With respect to the offense for which appellant was indicted, there was testimony that appellant was driving without a driver's license and, perhaps, without insurance. The trial court also found that appellant had been charged with family violence at a time when he was drunk. There was no evidence that appellant failed to appear for other proceedings.

Appellant does not challenge the considerations taken into account by the trial court, but urges that the amount of bail is unduly excessive because the trial court failed to consider appellant's ability to make bond and the "exigent circumstances" regarding the offense, giving undue weight to the community safety component. The State contends that appellant is a repeat alcohol

offender with a serious alcohol problem who is a danger to the community. Although appellant produced testimony concerning his inability to make bail, he adduced only conclusory proof regarding his employment and family ties. Balancing the paucity of proof regarding ties with the community against the nature and seriousness of the offense along with the community safety concerns, we conclude that the trial court adequately weighed the relevant considerations. Applying the standard of review and the established criteria to these facts, while the bail is high, we cannot say that the trial court abused its discretion in setting the bond at $175,000.

## CONCLUSION

We overrule appellant's point of error and affirm the trial court's order.

—

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: February 7, 2002

Do Not Publish