# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00102-CR

**Ex parte Rouba Rabadi**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 02-034-C277, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING**

Rouba Rabadi is confined while awaiting trial on an indictment accusing her of engaging in organized criminal activity.[1] She petitioned for a writ of habeas corpus, complaining of excessive bail. The writ issued and after a hearing, the court reduced bail from $750,000 to $350,000. Rabadi appeals, complaining that her bail remains too high.

---

[1] The indictment was returned after the habeas corpus hearing.

The primary purpose of bail is to secure the presence of the defendant. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). The setting of bail is committed to the discretion of the trial court or magistrate, but the exercise of this discretion is governed by the constitution and statutes. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 1999). Bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, but the power to require bail is not to be used so as to make it an instrument of oppression. *Id.* art. 17.15(1), (2). The nature of the offense and the circumstances under which it was committed are factors to be considered in setting bail, as is the future safety of the community and the victim of the alleged offense. *Id.* art. 17.15(3), (5). The defendant's ability to make bail also must be considered, but the ability of the accused to make bail does not of itself control the amount of bail. *Ex parte Gentry*, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981); art. 17.15(4). In determining the likelihood of the defendant complying with the conditions of bail, consideration may also be given to such factors as the defendant's ties to the community, cooperation with the police, and record of appearances in the past. *See Ex parte Williams*, 619 S.W.2d 180, 183 (Tex. Crim. App. 1981); *Gentry*, 615 S.W.2d at 231; *Ex parte Parish*, 598 S.W.2d 872, 873 (Tex. Crim. App. 1980); *Ex parte Keller*, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980).

The burden of proof is on the applicant to prove that bail is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). We review the trial court=s ruling for an abuse of discretion. *Id*. at 850.

Rabadi was one of a group of persons who allegedly stole approximately $600,000 worth of computer equipment from Dell Computer. Rabadi was a Dell employee at the time of the thefts, but her employment had ended by the time of the hearing.

Police executed a warrant to search Rabadi=s residence on November 29, 2001. Among the items seized were Rabadi=s current United States passport, a round-trip airline ticket to Jordan, and $3200 in cash. One of the officers who conducted the search testified that he told Rabadi that he had taken her ticket and passport, that a warrant for her arrest would soon be issued, and that she should not leave the country.

Rabadi was born in the United States and is a United States citizen, but her grandfather and a sister live in Jordan. Rabadi has often visited Jordan, and lived there for a year while she took college courses. Rabadi held passports from both the United States and Jordan. Following the search of her residence, Rabadi contacted her travel agent and reported that her ticket had been lost or stolen. She obtained a new airline ticket to Jordan, changing the departure date from December 13 to December 10 (but keeping the January 3, 2002, return date), and changing the place of departure from Austin to Houston. Rabadi also sold stock, retaining $3500 in cash. Rabadi was arrested on a warrant at the Houston airport on December 10. Rabadi apparently intended to travel using either her Jordanian passport or her expired United States passport. Following her arrest, Rabadi surrendered both her Jordanian passport and her expired United States passport to the police.

Rabadi lived with her parents. The Rabadis had been living in Round Rock for about two years. Rabadi testified that her only significant asset is a car, in which she has an equity of about $5000. Her parents and a sister testified that they were willing to help pay for a bail bond, but were unable

**3**

financially to contribute more than a token sum. There was no testimony regarding whether Rabadi has tried or would be able to borrow money to pay for a bond.

Rabadi refers us to a number of opinions in which bail was ordered reduced. The most pertinent is a recent opinion arising from a prosecution for theft of more than $100,000 from the defendant=s corporate employer. *Ex parte Bogia*, 56 S.W.3d 835 (Tex. App.CHouston [1st Dist.] 2001, no pet.). In that case, the court determined that bail in the amount of $360,000 was excessive and ordered it reduced to $10,000. *Id*. at 840. We note, however, that the details of the alleged offense were more fully developed in *Bogia* than in the cause before us, and reflected the defendant=s relatively limited role in the theft. We also note that Bogia had longer and more significant ties to the community than does Rabadi, including a twelve-year-old child, and there was no evidence of attempted flight. *See id*. at 836. In *Ex parte Keller*, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980), bail for defendants accused of receiving more than $1,000,000 worth of stolen property was ordered reduced to $10,000. Once again, the record in that case reflected more extensive ties to the community than are shown in the cause before us and there was no evidence of attempted flight. *See id*. at 532.

Although other opinions are instructive, there is no amount of bail that is per se excessive and the appropriate amount of bail must ultimately be determined on a case-by-case basis. In this case, it is apparent that the primary concern of the district court in setting bail was to assure that Rabadi would appear in any future court proceedings. The district court referred to the evidence that Rabadi sought to leave the United States after being warned by the police not to do so and expressed the opinion that Ashe is a serious and substantial flight risk.@ Rabadi stresses the fact that she has since surrendered her passports, but flight from Williamson County to avoid prosecution does not necessarily require a passport.

**4**

Viewing all the evidence before us in light of the factors listed in article 17.15, we conclude that the district court did not abuse its discretion in setting Rabadi's bail at $350,000. The order is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   June 27, 2002

Do Not Publish