# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00387-CR

## Ex parte Michael Carter

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 3020679, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

Michael Carter is confined while awaiting trial on an indictment accusing him of delivering less than one gram of cocaine. Bail was set at $12,500 following his arrest. Carter petitioned for a writ of habeas corpus urging that the amount of bail is excessive and asking that it be reduced. The writ issued and, after a hearing, relief was denied. Carter appeals, contending that the court abused its discretion by refusing to reduce the amount of bail. We will affirm.

With certain exceptions not applicable to Carter, the Texas Constitution guarantees that A[a]ll prisoners shall be bailable by sufficient sureties.@ Tex. Const. art. I, ' 11; *see* Tex. Code Crim. Proc. Ann. art. 1.07 (West 1977). Both the federal and state constitutions prohibit excessive bail. U.S. Const. amend. VIII; Tex. Const. art. I, ' 13; *see* Tex. Code Crim. Proc. Ann. art. 1.09 (West 1977).

The code of criminal procedure commits the setting of bail to the discretion of the trial court or magistrate, but sets forth five rules that, together with the constitution, govern the exercise of that discretion. Tex. Code Crim. Proc. Ann. art. 17.15 (West Supp. 2002). Bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, but not so high as to make it an

instrument of oppression. *Id*. art. 17.15(1), (2); *see Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977) (primary purpose of pretrial bail is to secure the presence of the defendant). The nature of the offense and the circumstances under which it was committed are factors to be considered in setting bail, as is the future safety of the community and the victim of the alleged offense. Tex. Code Crim. Proc. Ann. art. 17.15(3), (5). The defendant=s ability to make bail also must be considered, but is not of itself controlling. *Id*. art. 17.15(4); *Ex parte Gentry*, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981). In applying article 17.15, consideration may be given to such evidentiary matters as the defendant=s work record, ties to the community, previous criminal record, and record of appearances in the past. *See Ex parte Williams*, 619 S.W.2d 180, 183 (Tex. Crim. App. 1981); *Gentry*, 615 S.W.2d at 231; *Ex parte Parish*, 598 S.W.2d 872, 873 (Tex. Crim. App. 1980); *Ex parte Keller*, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980).

The burden is on the accused to prove that bail is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). We review the trial court=s ruling for an abuse of discretion. *Id*. at 850.

Carter was the only witness at the hearing below. He is a life-long resident of Travis County, where he also has family ties. He is not married, but lives with his girlfriend. Carter had no regular job before his arrest and has no property to serve as collateral for a loan. He estimated that he and his family could afford, at most, to spend $500 for a bail bond. Carter asked the court to consider placing him on personal bond, with a monitor.

The offense of which Carter is accused is a state jail felony. Tex. Health & Safety Code Ann. ' 481.112(a), (b) (West Supp. 2002). At the time of the hearing, Carter was also awaiting trial in county court for evading arrest. He had posted a $4000 bond in that case. Carter has previous convictions

for possession of controlled substances, evading arrest, and unauthorized use of a vehicle.  There is no evidence that he has ever failed to comply with a bond.

The record indicates that the $12,500 bail in this cause is in accord with the standard schedule or guidelines used in Travis County.  Having considered the evidence before the district court in the light most favorable to that court=s ruling and having measured the court=s ruling against the criterial informing the setting of pretrial bail, we conclude that the court has not been shown to have abused its discretion by maintaining Carter=s bail at $12,500.

The district court=s order denying relief is affirmed.


Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   October 24, 2002

Do Not Publish

**3**