COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-509-CR
 
PHANTHAKAM SIRITA   
                                                                    APPELLANT
V.
THE STATE OF TEXAS                                                                          
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Phanthakam Sirita is
charged with capital murder. Her bail was set by a Euless magistrate at
$500,000. On December 19, 2002, a hearing was held on appellant's application
for writ of habeas corpus seeking bail reduction. The trial court denied the
requested relief, and appellant appeals from that decision. We affirm.
Article 17.15 of the code of
criminal procedure states:

   
      The amount of bail to be required in any case is to
 be regulated by the court, judge, magistrate or officer taking the bail; they
 are to be governed in the exercise of this discretion by the Constitution and
 by the following rules:
 
   
      1. The bail shall be sufficiently high to give
 reasonable assurance that the undertaking will be complied with.
   
      2. The power to require bail is not to be so used
 as to make it an instrument of oppression.
   
      3. The nature of the offense and the circumstances
 under which it was committed are to be considered.
   
      4. The ability to make bail is to be regarded, and
 proof may be taken upon this point.
   
      5. The future safety of a victim of the alleged
 offense and the community shall be considered.
 

Tex. Code Crim. Proc. Ann. art.
17.15 (Vernon Supp. 2003). Although the defendant's ability to make bail must be
considered, it is not of itself controlling. Id. art. 17.15(4); Ex
parte Gentry, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981). In applying
article 17.15, consideration may be given to such evidentiary matters as the
defendant's work record, ties to the community, previous criminal record, and
record of appearances in the past. See Ex parte Williams, 619 S.W.2d
180, 183 (Tex. Crim. App. 1981); Gentry, 615 S.W.2d at 231; Ex
parte Parish, 598 S.W.2d 872, 873 (Tex. Crim. App. 1980); Ex parte
Keller, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980).
The burden is on the accused to
prove that bail is excessive. Ex parte Rubac, 611 S.W.2d 848, 849 (Tex.
Crim. App. 1981). We review the trial court's ruling for an abuse of discretion.
Id. at 850.
The evidence showed that appellant
has no ties to Tarrant County. She is a foreign national likely from Thailand,
where her parents reside. There is no evidence of how long she has resided in
the United States. She has friends in Plano, Lewisville, and Sacramento,
California, and a relative in Atlanta, Georgia. Before her arrest, she was
self-employed; there is no evidence of how much money she was making before her
arrest. There is no evidence that appellant is married or has any brothers or
sisters.
The only testimony presented on
appellant's behalf was by Pastor Jim Norwood. He stated he came into contact
with appellant at the Tarrant County Jail while providing ministry services to
the inmates. Thus, he has not known appellant long, and the information provided
by Norwood came from his discussions with appellant and telephone conversations
with her parents in Thailand and her friend in Sacramento. Norwood stated that
appellant would be permitted to stay at a house run by his ministry if she could
afford bail.
In reviewing a trial court's ruling
for an abuse of discretion, an appellate court will not intercede as long as the
trial court's ruling is at least within the zone of reasonable disagreement. Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). Based
on the evidence regarding appellant's complete lack of ties to the community
specifically and her few ties to the United States in general, the type of crime
at issue, and the nature of the evidence presented on her behalf, we conclude
that the trial court's decision not to reduce the bail amount was within the
zone of reasonable disagreement.
The trial court's order is
affirmed.
  
                                                                    SAM
J. DAY
  
                                                                    JUSTICE
PANEL F: DAY, GARDNER, and WALKER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.