PHANTHAKAM SIRITA V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-509-CR

PHANTHAKAM SIRITA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

 Appellant Phanthakam Sirita is charged with capital murder.  Her bail was set by a Euless magistrate at $500,000.  On December 19, 2002, a hearing was held on appellant’s application for writ of habeas corpus seeking bail reduction.  The trial court denied the requested relief, and appellant appeals from that decision.  We affirm.

Article 17.15 of the code of criminal procedure states:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann.
 art. 17.15 (Vernon Supp. 2003).  Although the defendant's ability to make bail must be considered, it is not of itself controlling.  
Id.
 art. 17.15(4); 
Ex parte Gentry
, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981).  In applying article 17.15, consideration may be given to such evidentiary matters as the defendant's work record, ties to the community, previous criminal record, and record of appearances in the past.  
See Ex parte Williams
, 619 S.W.2d 180, 183 (Tex. Crim. App. 1981); 
Gentry
, 615 S.W.2d at 231; 
Ex parte Parish
, 598 S.W.2d 872, 873 (Tex. Crim. App. 1980); 
Ex parte Keller
, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980).   The burden is on the accused to prove that bail is excessive.
  Ex parte Rubac
, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981).  We review the trial court's ruling for an abuse of discretion.  
Id.
 at 850. 

The evidence showed that appellant has no ties to Tarrant County.  She is a foreign national likely from Thailand, where her parents reside.  There is no evidence of how long she has resided in the United States.  She has friends in Plano, Lewisville, and Sacramento, California, and a relative in Atlanta, Georgia.  Before her arrest, she was self-employed; there is no evidence of how much money she was making before her arrest.  There is no evidence that appellant is married or has any brothers or sisters.

The only testimony presented on appellant’s behalf was by Pastor Jim Norwood.  He stated he came into contact with appellant at the Tarrant County Jail while providing ministry services to the inmates.  Thus, he has not known appellant long, and the information provided by Norwood came from his discussions with appellant and telephone conversations with her parents in Thailand and her friend in Sacramento.  Norwood stated that appellant would be permitted to stay at a house run by his ministry if she could afford bail.

In reviewing a trial court's ruling for an abuse of discretion, an appellate court will not intercede as long as the trial court's ruling is at least within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).  Based on the evidence regarding appellant’s complete lack of ties to the community specifically and her few ties to the United States in general, the type of crime at issue, and the nature of the evidence presented on her behalf, we conclude that the trial court’s decision not to reduce the bail amount was within the zone of reasonable disagreement. 

The trial court’s order is affirmed.   

SAM J. DAY

JUSTICE

PANEL F: DAY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED FEBRUARY 20, 2003]

  

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.