# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00085-CR

**Ex parte Gary Norman Cooper**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 03-021-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Gary Norman Cooper was arrested in January 2003 after complaints were filed accusing him of sexually assaulting his two granddaughters, who were then thirteen and nine years old, respectively. Bail was set in each case at $100,000. Cooper petitioned for a writ of habeas corpus complaining that the bail was excessive. The writ issued and a hearing was held later that month. Meanwhile, an indictment was returned alleging two counts of aggravated sexual assault and one count of indecency with a child by exposure. At the conclusion of the hearing, the court ordered bail set at $150,000 rather than the $50,000 Cooper requested. On appeal from the court's order, Cooper continues to urge that bail exceeding $50,000 is excessive. We will order the bail reduced to $75,000.

With certain exceptions not applicable here, the Texas Constitution guarantees that "[a]ll prisoners shall be bailable by sufficient sureties." Tex. Const. art. I, § 11; *see* Tex. Code Crim. Proc. Ann. art. 1.07 (West 1977). Both the federal and state constitutions prohibit excessive bail.

U.S. Const. amend. VIII; Tex. Const. art. I, § 13; *see* Tex. Code Crim. Proc. Ann. art. 1.09 (West 1977).

The code of criminal procedure commits the setting of bail to the discretion of the trial court or magistrate, but sets forth five rules that, together with the constitution, govern the exercise of that discretion. Tex. Code Crim. Proc. Ann. art. 17.15. (West Supp. 2002). Bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with, but not so high as to make it an instrument of oppression. *Id*. art. 17.15(1), (2); *see Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977) (primary purpose of pretrial bail is to secure presence of defendant). The nature of the offense and the circumstances under which it was committed are to be considered in setting bail, as is the future safety of the community and the victim of the alleged offense. Tex. Code Crim. Proc. Ann. art. 17.15(3), (5). The defendant's ability to make bail also must be considered, but is not of itself controlling. *Id*. art. 17.15(4); *Ex parte Gentry*, 615 S.W.2d 228, 231 (Tex. Crim. App. 1981). In applying article 17.15, consideration may be given to such evidentiary matters as the defendant's work record, ties to the community, previous criminal record, and record of appearances in the past. *See Ex parte Williams*, 619 S.W.2d 180, 183 (Tex. Crim. App. 1981); *Gentry*, 615 S.W.2d at 231; *Ex parte Parish*, 598 S.W.2d 872, 873 (Tex. Crim. App. 1980); *Ex parte Keller*, 595 S.W.2d 531, 533 (Tex. Crim. App. 1980).

The burden is on the accused to prove that bail is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. 1981). We review the trial court's ruling for an abuse of discretion. *Id*. at 850.

The only witness to testify at the hearing was Cooper's wife. She and Cooper have been married for thirty-six years and have three children, all in their thirties. Two of these children live in Texas, including the mother of the two complainants who also lives in Williamson County with her daughters. The Coopers moved to Texas about seven years ago to be closer to their children, having previously lived in several western states. They own their home, which the witness valued at about $115,000. There is a $91,000 mortgage on the house.

Cooper worked as a miner and a bus and truck driver. About two years ago, he suffered a back injury that left him disabled and unable to work. He takes anti-inflammatory medicine and walks with a cane. Cooper's disability also makes it difficult for him to travel. He has no passport or history of international travel except during his military service.

Cooper receives a monthly disability payment of $1028 from social security. Cooper's wife is employed and has a net income of approximately $2000 per month. They have no other income. She estimated their monthly expenses at about $3000. She testified that she could raise approximately $5000 in cash, which would purchase a $50,000 bond.

Cooper is accused of penetrating his two granddaughters with his finger. He is also accused of exposing himself and masturbating in the presence of one of the children. His wife testified that she has been told by her daughter, the mother of the two complainants, that she (the daughter) was also sexually abused by Cooper when she was about eight years old. Apparently this outcry was recent and did not include any details of the alleged abuse. A protective order has been issued prohibiting Cooper from having any contact with the complainants. There is no evidence that Cooper has a criminal record or has ever failed to comply with the conditions of a bond.

3

Cooper refers us to the opinion in *Ludwig v. State*, 812 S.W.2d 323, 324 (Tex. Crim. App. 1991). In that case, the court of criminal appeals set bail in a capital murder case at $50,000. As this Court recently observed, *Ludwig* has been cited by commentators as suggesting that bail in the amount of $50,000 is generally appropriate even in an extremely serious case. *Ex parte Beard*, 92 S.W.3d 566, 571 (Tex. App.—Austin 2002, pet. ref'd) (citing 41 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 16.51 (2d ed. 2001)). We also noted in *Beard*, however, that Texas appellate courts have upheld pretrial bail in much larger amounts. *Id*.

The State argues that *Ludwig* is of limited precedential value because it is over ten years old and, due to inflation, $50,000 would represent a much larger sum today. The State refers us to two more recent cases, in both of which the courts upheld pretrial bail in the amount of $150,000 for defendants accused of sexually assaulting children. *Ex parte Hulin*, 31 S.W.2d 754 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Esquivel v. State*, 922 S.W.2d 601 (Tex. App.—San Antonio 1996, no pet.). In *Hulin*, however, there was much stronger evidence that the defendant would represent a continuing threat to the victim and others. *See Hulin*, 31 S.W.3d at 759-60. The defendant was also a greater flight risk. *See id*. at 761-62. In *Esquivel*, there was evidence that the defendant had threatened violence against the victim and others. *See Esquivel*, 922 S.W.2d at 604.

In another recent case, an appellate court upheld an order setting pretrial bail at $50,000 in an aggravated sexual assault case. *Ex parte Parker*, 26 S.W.2d 711, 713 (Tex. App.—Waco 2000, no pet.). The defendant in that case had a record of juvenile offenses, few ties to Texas, and fled to Louisiana to avoid apprehension. *Id*. at 712-13. On the other hand, there was

4

only one victim in that case and the defendant was himself only nineteen years old (the victim was thirteen). *Id.* at 712.

Ultimately, case law is of relatively little value in determining the appropriate amount of bail in a particular case. *Beard*, 92 S.W.3d at 571. Using the guidelines established by the constitution and statutes, the unique facts of each case must be examined to determine whether the trial court's ruling is at least within the zone of reasonable disagreement. *Id.* at 573.

Having considered the evidence before the district court in the light most favorable to that court's ruling, having measured the ruling against the criteria informing the setting of pretrial bail, and having considered the bail deemed appropriate in other cases, we conclude that the district court abused its discretion by setting Cooper's bail at $150,000. We reverse the court's order and order that bail be set at $75,000, subject to such reasonable terms and conditions as may be determined by the district court.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Rendered

Filed:   August 29, 2003

Do Not Publish

5