

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00048-CR

_____

EX PARTE:   TY JORDAN EVANS

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 21,066-2010

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Ty Jordan Evans alleges that he was originally arrested for murder more than two years ago. He seeks a reduction of his bail amount. Evans' bail is currently set at $370,000.00, and Evans requested that the trial court release him on a personal recognizance bond. Evans alleges that he was originally arrested for murder May 12, 2009, and that the State dismissed the first two indictments.[1] The State obtained the present indictment July 14, 2010. The first trial resulted in a mistrial January 21, 2011, due to jury deadlock. On January 24, 2011, Evans filed a pretrial application for writ of habeas corpus seeking a bond reduction. The trial court held a hearing February 14, 2011, and denied the writ. On appeal, Evans' sole issue is whether the trial court abused its discretion in denying the bond reduction.[2] Finding no abuse of discretion, we affirm the trial court's order.

A trial court's decision whether to reduce a defendant's appearance bond is reviewed for an abuse of discretion. *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. 1981). A trial court abuses its discretion if its decision is not within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). The burden of proof is on the defendant to show the bail is excessive. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).

---

[1] The record does not establish when Evans was arrested and does not contain the original indictments. The record contains a dismissal dated July 15, 2010, stating, "[T]his case has been re-indicted by the Wood County Grand Jury."

[2] Evans limits his arguments to Article 17.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005).

Section 17.15 of the Texas Code of Criminal Procedure provides the following factors to be considered by the court, judge, magistrate, or officer setting the bail amount:

1.    The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.    The power to require bail is not to be so used as to make it an instrument of oppression.

3.    The nature of the offense and the circumstances under which it was committed are to be considered.

4.    The ability to make bail is to be regarded, and proof may be taken upon this point.

5.    The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15.   In addition, the Texas Court of Criminal Appeals has directed courts to consider the accused's work record, family and community ties, length of residency, prior criminal record (if any), and any aggravating circumstances alleged to have been involved in the offense the accused is charged with committing.   *Rubac*, 611 S.W.2d at 849–50.

"The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged."   *Rodriguez*, 595 S.W.2d at 550.   Bail should not be set so high as to be oppressive, guaranteeing the defendant's appearance, but should be high enough to provide reasonable assurance the defendant will appear at trial.   *Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980).   Bail operates to balance the "presumption of

innocence of the accused and the compelling interest of the State that the accused appear to answer the accusation against him." *Balboa v. State*, 612 S.W.2d 553, 557 (Tex. Crim. App. 1981).

We now examine the various factors concerning the bond's reasonableness.[3]

*Nature of the Offense*. The punishment that can be imposed and the nature of the offense are the primary factors to be considered in determining the reasonableness of a bond amount. *See Rubac*, 611 S.W.2d at 849; *In re Hulin*, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The charged offense is quite grave—murder. Murder is a first degree felony with a potential punishment of life imprisonment or for any term of not more than ninety-nine years or less than five years. TEX. PENAL CODE ANN. §§ 12.32, 19.02 (West 2011). Given the serious nature of the offense of murder, the additional count of engaging in organized criminal activity, and the allegation of the use of a deadly weapon, the trial court could have properly concluded that the amount of the bond was reasonable. *See Milner v. State*, 263 S.W.3d 146, 149–50 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (serious nature of murder and attempted murder and substantial potential punishment support bond of $500,000.00); *see also Ex parte Hunt*, 138 S.W.3d 503 (Tex. App.—Fort Worth 2004, pet. ref'd); *Hulin*, 31 S.W.3d at 760. This factor weighs strongly against a bail amount reduction.

---

[3]Evans also argues that the trial court abused its discretion because a mistrial had been declared due to jury deadlock. Evans has not directed this Court to any authority that a criminal defendant is entitled to a personal recognizance bond following the declaration of a mistrial. We are not aware of any.

*Ability to Make Bond.*   It is undisputed that Evans has not been financially able to secure a bond.   At the hearing, Evans' mother testified her financial situation had not improved since the last bond hearing, she did not have any assets which could be liquidated to post a bond, and she did not have any other assets that would help her in making bond in this case for her son.   The record does not contain any evidence concerning Evans' personal finances.   However, the State does not argue Evans personally had the financial ability to secure a bond.   A criminal defendant's ability to make bond is "merely one factor to be considered in determining the appropriate amount of bond."   *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth 2003, no pet.).   Although this factor weighs in favor of a reduced bond, the factor is not necessarily controlling over the other factors.   *See id.*

*Danger to the Community.*   Evans argues there is no evidence that he was a danger to the community.   Evans' mother testified that Evans would reside with her and she would be willing to comply with any pretrial conditions the court deemed appropriate, including home detention under an electronic monitor.   Evans, though, was accused of a gang-related drive-by shooting.   The trial court could have concluded that the bond amount was reasonable because the allegation of gang-related murder raises serious concerns about Evans' danger to the community posed by other possible gang-related activities.   This factor weighs weakly against a bail reduction.

*Criminal History.*   The State concedes Evans' criminal history is not "lengthy."   The record contains a notice of intent to offer evidence of other crimes, wrongs, or acts, which includes

5

a 2006 juvenile adjudication for burglary of a building and a 2006 juvenile charge for terroristic threat.[4]   Evans argues the lack of an adult criminal history favors a reduction of the bond amount. We disagree.   These juvenile adjudications occurred only three years before Evans' arrest for this offense.[5]   Given that these juvenile adjudications were relatively recent, the trial court could have reasonably concluded the lack of an adult criminal history did not significantly favor a reduction in the bond amount.   This factor does not weigh strongly for or against a bail amount reduction.

*The Strength of the Evidence Against Evans*.   Evans argues the evidence against him is weak and entirely circumstantial.   The strength of the evidence against the accused can be considered in determining the propriety of bail.   *Ex parte Sabur-Smith*, 73 S.W.3d 436, 440 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see Ex parte Parish*, 598 S.W.2d 872, 873 (Tex. Crim. App. 1980).   At the hearing, the State requested the trial court to take judicial notice of its files and the trial court granted the request.   We note the State alleges the trial was presided over by a visiting judge sitting by assignment and that the docket entry declaring a mistrial was signed by said visiting judge.   Thus, the trial court did not preside over the earlier trial in this case.   Other than the probable cause affidavit, the files the trial court took judicial notice of have not been made part of the record in this appeal.   The probable cause affidavit specifies the victim died from a gunshot wound and the witness heard the shots and observed "a passenger draw a long barreled

---

[4]The notice does not specify whether the charge of terroristic threat had been adjudicated.
[5]The State alleges Evans' date of birth is May 8, 1991.   The State has not directed this Court to where in the record Evans' date of birth is specified.   If this date of birth is correct, the offense in this case occurred one day after Evans turned eighteen.

6

firearm back inside the car and leave the scene . . . ." The affidavit provides that Evans had been observed driving past the residence in a car several times during the day of the offense. We recognize the above evidence is entirely circumstantial, but the details of the evidence are not fully developed and the record does not establish the State lacks any additional evidence. This factor does not weigh strongly for or against a bail amount reduction.

*Conclusion*. It was Evans' burden to establish the excessiveness of the bail. Based on the record before this Court, Evans has failed to meet this burden. The nature of the offense weighs strongly against a reduction of the bail amount. The possibility that Evans could be a danger to the community weighs weakly against a reduction of the bail amount. Although Evans' ability to make bail weighs in favor of a bail reduction, we are unwilling to conclude the trial court's decision was outside the zone of reasonable disagreement. The record does not contain any evidence concerning Evans' work history, community ties, and length of residency.[6] The trial court did not abuse its discretion in denying Evans' pretrial application for writ of habeas corpus.

We affirm.

Josh R. Morriss, III
Chief Justice

---

[6] Evans alleges, citing *Ex parte Hearn*, No. 06-10-00149-CR, 2010 WL 4261974 (Tex. App.—Texarkana Oct. 28, 2010, no pet.) (mem op., not designated for publication), that he has lived in northeast Texas all of his life. The defendant in *Hearn* is Evans' brother and codefendant in this case. In *Hearn*, "Hearn testified he had lived in northeast Texas all of his life." *Id.* at *2. The fact that Hearn lived all of his life in northeast Texas does not establish that Evans has lived in northeast Texas all of his life. There is no evidence in the record of this case that Evans has lived in northeast Texas all of his life.

Date Submitted:     July 5, 2011
Date Decided:       July 6, 2011

Do Not Publish