Ex parte Geoffrey T. WOOD.

No. 09–09–00551–CR.

Court of Appeals of Texas,
Beaumont.

Submitted March 17, 2010.

Decided March 31, 2010.

S.W.2d 848, 849–50 (Tex.Crim.App.1981). We set bail at $50,000 on each count of aggregate theft; these two bonds are in addition to the existing bonds.

## BACKGROUND

Wood was initially indicted on multiple counts of theft. The charges revolved around an alleged theft operation arising out of a car consignment business. Wood and his father stand accused of not paying owners whose cars were sold through the consignment business, and of not delivering cars to buyers after the Woods took the buyers' money. The amounts allegedly stolen total approximately $1.4 million.

■ The record indicates that bail was initially set at $110,000, and additional bail of $260,000 was later set, as more theft cases were added. The total of the bonds at that point was $370,000. The State then re-indicted the offenses, aggregating all the theft counts into two first degree felony cases. At the habeas proceeding, the prosecutor explained:

[Prosecutor]: Judge, you know, when I inherited this case when I came up here back in January, I realize that it would be much more expedient to file these cases as first degree felonies. I can't speak to the motives of a previous prosecutor as to why he filed, 30 or 40 separate state jail and first—third degree theft cases on this defendant and on the codefendant.

[Defense Counsel]: If I remember correctly, there was—at first there were maybe a half dozen or so.

[Defendant]: Three on my behalf.

[Defense Counsel]: Three on your behalf. And then it went up to 26 vehicles—yeah. That's where the number 260 comes from. And then the State lumped them all together in two counts, two first degree counts.

Jarrod L. Walker, Aduddell, Walker, Owen & Finch, PLLC, Conroe, for appellant.

Brett W. Ligon, Dist. Atty., Michael C. Young, Robert Freyer, Asst. Dist. Attys., Conroe, for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Geoffrey T. Wood appeals the denial of his pretrial habeas corpus application requesting bail reduction. Wood is charged by indictment with two counts of aggregate theft that, under the facts of this case, are first degree felonies. *See* TEX. PEN. CODE ANN. § 31.09 (Vernon 2003); TEX. PEN.CODE ANN. §§ 12.32, 31.03(e)(7) (Vernon Supp.2009). The trial court set bail at $375,000 on each of the two counts. Wood argues the bail is excessive. We interpret his argument to include constitutional and statutory bases. After a review of the record, existing bonds, and the factors a trial court considers in setting bail, we conclude the bail is excessive. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005); *see also Ex parte Rubac*, 611

[Prosecutor]: That each, each count separately just based upon what I have charged, is in the neighborhood of $400,000. And that doesn't include numerous witnesses or victims that live overseas that were the perfect people to steal from because getting them here would be very difficult. We're over a million and a half dollars. And it's much more convenient and expedient and makes more sense to aggregate these cases because this was part of a scheme that they ran up until the middle of August of 2008.

Ruling on the State's motion to set bail on the re-indicted cases, the trial court set the amount for two new bonds at $375,000 on each aggregate theft count, for a total of $750,000 in additional bonds.

## BAIL

■■■ The right to a reasonable bail is protected by the United States and Texas constitutions. *Ex parte Sabur–Smith,* 73 S.W.3d 436, 439 (Tex.App.-Houston [1st Dist.] 2002, no pet.). An appearance bond secures the presence of a defendant in court for trial. *Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex.Crim.App.1980). The trial court should set bail sufficient to provide reasonable assurance the defendant will appear at trial, but not so high as to be oppressive. *Ex parte Ivey,* 594 S.W.2d 98, 99 (Tex.Crim.App.1980).

■■ The defendant has the burden to show the bail is excessive. *Ex parte Rodriguez,* 595 S.W.2d at 550. An appellate court reviews a trial court's decision in setting the amount of a bond under an abuse of discretion standard. *See Ex parte Rubac,* 611 S.W.2d at 850. The trial court's ruling will not be disturbed if it is within the zone of reasonable disagreement. *Clemons v. State,* 220 S.W.3d 176, 178 (Tex.App.-Eastland 2007, no pet.) (cit-

ing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1991)).

■■ Both the United States and Texas constitutions prohibit excessive bail. U.S. CONST. amends. VIII, XIV; TEX. CONST. art. I, §§ 11, 13. Article 17.15 of the Code of Criminal Procedure sets out a framework for the trial court's consideration in setting bail:

The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM. PROC. ANN. art. 17.15. Other factors and circumstances that may be considered in determining the amount of bail include family and community ties, length of residency, aggravating factors involved in the offense, the defendant's work history, prior criminal record, and previous and outstanding bail. *Ex parte Rubac,* 611 S.W.2d at 849.

Article 17.09 of the Texas Code of Criminal Procedure provides that a bond is valid and binding upon the defendant and any sureties for the defendant's personal appearance before the court and "for any and all subsequent proceedings had rela-

tive to the charge[.]" TEX.CODE CRIM. PROC. ANN. art. 17.09, § 1 (Vernon Supp. 2009). Subject to certain exceptions, when a defendant has once given bail on a criminal charge, he shall not be required to give another bond in the course of the same criminal action. TEX.CODE CRIM. PROC. ANN. art. 17.09, § 2 (Vernon Supp.2009).

█ Article 17.08 provides in part that a bail bond must reflect that "in no event shall the sureties be bound after such time as the defendant ... is ... dismissed from the charge[.]" TEX.CODE CRIM. PROC. ANN. art. 17.08(5) (Vernon 2005). A re-indictment may, however, be a subsequent proceeding under article 17.09 relating to the original charge. *See generally Euziere v. State,* 648 S.W.2d 700, 703 (Tex.Crim.App. 1983) (finding that re-indictment for possession of marihuana as an habitual offender was the same criminal action for which bond was initially posted); *Garcia v. State,* 292 S.W.3d 146, 149–51 (Tex.App.-San Antonio 2009, no pet.) (New indictment adding an enhancement paragraph was a subsequent proceeding related to original indictment.).

Section 3 of article 17.09 contains an exception to section 2: although the defendant generally is not required to give another bond in the course of the same criminal action, the trial court in its discretion may conclude the bond is insufficient and require the accused to give another bond. TEX.CODE CRIM. PROC. art. 17.09, § 3 (Vernon Supp.2009). The trial court granted the State's motion to set new bonds for Wood after re-indictment. We conclude that the re-indictments (aggregating the thefts) are "subsequent proceedings had relative to the [original] charge[s]," and that the trial court's authority to increase the bonds is governed by section 3 of article 17.09. *See* TEX.CODE CRIM. PROC. ANN. art. 17.09 §§ 1, 3. We therefore consider the existing bonds in our review of Wood's excessive-bail claim in the re-indicted cases.

### FACTS

To determine whether the trial court abused its discretion, we consider the rules found in article 17.15 of the Code of Criminal Procedure, as well as the factors set out in *Rubac. See* TEX. CODE CRIM. PROC. ANN. art. 17.15; *Ex parte Rubac,* 611 S.W.2d at 849.

#### A. SUFFICIENT BAIL TO ASSURE APPEARANCE

The evidence shows Wood is a resident of Montgomery County; he lives with his wife and mother-in-law in The Woodlands. Previously, he lived with his parents in Conroe and worked with his brother-in-law. He no longer has a vehicle. Wood traveled extensively with the car consignment business, and much of the $1.4 million that was allegedly taken is still missing. Detective Grasshoff of the Montgomery County Auto Theft Task Force considered Wood to be a flight risk.

#### B. NOT TO BE USED AS AN INSTRUMENT OF OPPRESSION

The record shows the different theft amounts have been aggregated to make first degree felonies. Wood testified that he is unable to make bail on the new charges because he exhausted his resources in making bail on the original charges.

#### C. NATURE OF THE OFFENSE

Wood was indicted for two counts of aggregate theft. The amount allegedly defrauded, $1.4 million, made the two charges first degree felonies. The punishment range for a first degree felony is five to ninety-nine years or life and a maximum fine of $10,000. TEX. PEN.CODE ANN. § 12.32.

The alleged offenses involved at least twenty-six cars and forty to fifty complainants. Alleging they relied on Wood's misrepresentations, complainants purportedly paid Wood and his father thousands of dollars to buy and sell cars. There were some vehicles whose owners, at the time of the November 2009 habeas hearing, had not been determined. Apparently, the forty to fifty complainants were from many different countries and states. Some complainants alleged they never received a car for their money although they paid money to purchase it; other complainants allegedly never received money for the cars they had sold. Detective Grasshoff explained that in reviewing the records, "I see all the money coming into the accounts, but I see a lot of hot checks." He did not know where all the money went. Grasshoff testified Wood had been driving an expensive car, was looking to purchase an expensive home, and was "living a lifestyle of basically just having fun, travel, parties."

The alleged theft crimes are serious offenses and carry a substantial penalty. The alleged crimes are non-violent offenses.

### D. ABILITY TO MAKE BAIL

 A person's inability to make the bail set by the trial court does not automatically render the bail excessive. *See Ex parte McCullough*, 993 S.W.2d 836, 838 (Tex.App.-Waco 1999, no pet.). Nonetheless, inability to make bail is a factor to be considered. *Golden v. State*, 288 S.W.3d 516, 519 (Tex.App.-Houston [1st Dist.] 2009, pet. ref'd). The record contains evidence that Wood's financial circumstances will not allow him to make the additional $750,000 bail set by the trial court. His mother-in-law, Evelyn Loving, testified Wood had to borrow to make the bail on the two prior indictments and could not secure $750,000 to make this bail. The prior bonds were on payment plans; they are now paid off. David Simoneaux, the bail bondsman on Wood's other bonds, testified Wood did not have the funds to put up the whole amount for the first bonds. Simoneaux believed Wood's funds are gone.

Wood testified at the November 2009 habeas hearing. He indicated he does not have the financial ability to make the $750,000 bond on the two counts. He explained he had been in jail since April 28, 2009, and during that time his financial circumstances "ha[d] gotten worse." By borrowing money, he indicated he could manage to put up $5,000 on each bond. Wood testified he has exhausted all of his available funds.

### E. FUTURE SAFETY OF THE VICTIM AND THE COMMUNITY

Much of the money allegedly defrauded has not been located. The record also reveals the car consignment business in which Wood was involved is no longer in existence.

### F. THE *RUBAC* Factors

As noted, a trial court may consider the defendant's work history, prior criminal record, his family and community ties, length of residency, aggravating factors in the offense, and previous and outstanding bail. *Ex parte Rubac*, 611 S.W.2d at 849. Evelyn Loving testified Wood and her daughter (Wood's wife) lived with her in The Woodlands. Loving indicated she has known Wood for five years, and Wood and her daughter Toby have been married for approximately a year. When Loving met Wood, he was living with his mother and father in Conroe. Loving also explained that during the time she has known Wood, he has lived in an apartment. When Wood and Toby married, they had a place of their own, but now they live with Loving because of financial difficulties. Prior to Wood's incarceration, he was working with

his brother-in-law tearing out sheetrock and "doing odd and end things" for a living. At that time, his brother-in-law drove Wood to and from work. Wood has no prior convictions. He previously made bail twice. He has made every court appearance. *See Ex parte Rubac*, 611 S.W.2d at 849; *see also Ex parte Traylor*, Nos. 01–98–01376–CR, 01–99–00012–CR, 1999 WL 497424, at *3, *5. (Tex.App.-Houston [1st Dist.] July 8, 1999, no pet.) (not designated for publication) (bail of $500,000 found to be excessive in theft case involving approximately $1.2 million of investors' money; bond reduced to $100,000).

## ANALYSIS

■ In *Ex parte Keller*, 595 S.W.2d 531 (Tex.Crim.App.1980), the trial court set bail at $200,000 per case on three charges of theft of property alleged to be worth $1,000,000. *Id.* at 531. The Court of Criminal Appeals considered evidence showing appellant had substantial ties to the community and had been self-employed for many years. The Court noted there was a lack of evidence showing the circumstances of the offense and a lack of evidence showing the likelihood of appellant's failure to appear at trial as directed. Finding the bail to be excessive, the Court reduced it to $10,000 for each of the three offenses. *Id.* at 533. Given the existing bonds of $370,000, the imposition of new bail totaling $750,000 in this case seems inconsistent with the result in *Keller*. We recognize, however, that case law may be " 'of relatively little value in addressing the ultimate question of the appropriate amount of bail in a particular case' because appellate decisions on bail matters are often brief and avoid extended discussions, and because the 'cases are so individualized that generalization from results reached in others is difficult.' " *Ex parte Beard*, 92 S.W.3d 566, 571 (Tex.App.-Aus-

tin 2002, pet. ref'd) (quoting "41 Dix and Dawson § 16.51"). The circumstances in this case must be considered, not simply those that may have been present in *Keller*.

The record reveals the re-indictments arise out of the same alleged criminal conduct as the prior indictments for which bail was set at a total amount of $370,000. Although there was discussion during the April 2009 hearing about the possible dismissal of the prior cases, no dismissals had occurred at the time of the November 2009 hearing. Nevertheless, whether the prior individual theft cases have been dismissed is not the issue presented here, because, whether or not the prior individual cases have been dismissed, the bonds remain in effect in this subsequent proceeding relative to the original charges. *See* TEX.CODE CRIM. PROC. ANN. art. 17.09, § 1.

The trial court asked counsel for briefing on the effect of the prior bonds. The trial court told appellant's counsel she was denying his request to credit the prior bonds "at this time," but she would consider whatever else he presented after conducting research. Counsel said he would bring a "new motion" or a "new writ" if needed. Considering the arguments made to the trial court and the significance of the issue, however, we do not find that Wood waived the issue by not providing the additional briefing or filing a new motion or writ with the court.

Even if the prior bonds were not in effect, the exhaustion of resources on the prior bonds affects Wood's ability to pay. Given that the new indictments arose out of the same criminal conduct as the prior indictments and are subsequent proceedings relative to the original charges, and considering evidence that appellant has exhausted resources in making the original bonds, we conclude the imposition of bail

totaling $750,000 on top of the $370,000 in bonds from the prior indictments is excessive. The trial court carefully explained the reasons for setting the bail amount, and the court considered the statutory factors. Nevertheless, it appears the court did not consider the prior bonds because of the continued existence of the other cases. Under article 17.09, the existing bonds must be taken into account in this case. *See* TEX.CODE CRIM. PROC. ANN. art. 17.09. We sustain Wood's issue, reverse the trial court's order, and set bail at $50,000 for each of the two counts of aggregate theft, for a total of $100,000 additional bail.

REVERSED AND RENDERED.