# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-13-00152-CR
_____


### EX PARTE JESSICA NICOLE TYLER

**On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 22591**

### MEMORANDUM OPINION

Jessica Nicole Tyler appeals from an order denying her request to lower her bond from $50,000 to $10,000. In a single issue, Tyler contends the trial court abused its discretion by maintaining a bond of $50,000. We affirm the trial court's order.

In a multiple-count indictment, the State charged Tyler with (1) knowingly causing serious bodily injury to her child by using or exhibiting a deadly weapon, a first-degree felony; (2) recklessly causing serious bodily injury to her child by using or exhibiting a deadly weapon, a second-degree felony; (3) recklessly

1

causing serious bodily injury to her child by failing to seek proper medical treatment, a second-degree felony; and (4) negligently failing to provide her child with proper nutrition or to seek proper medical treatment for her child, a state-jail felony. *See* Tex. Penal Code Ann. § 22.04 (West Supp. 2012), § 22.041(c), (f) (West 2011). Initially, the trial court set Tyler's bond at $75,000. On Tyler's motion requesting that her bond be lowered to an amount no greater than $10,000, the trial court lowered Tyler's bond to $50,000. After the trial court lowered her bond to $50,000, Tyler filed an application for writ of habeas corpus, asking the trial court to lower her bond to $10,000. The trial court conducted an evidentiary hearing on Tyler's writ; at the conclusion of the hearing, the trial court rendered an order denying Tyler's request, maintaining Tyler on a bond of $50,000.

Tyler argues her bail is excessive. According to Tyler, the trial court abused its discretion by requiring that she post a bond of $50,000 to gain her release from jail.

The defendant bears the burden of proving that bail is excessive. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980). The primary purpose for setting an appearance bond is to secure the presence of the defendant in court for trial. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). A defendant's bail should be sufficiently high to give reasonable assurance the

defendant will comply with the undertaking, but not so high as to be oppressive. *Id.*; *see also Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977).

The trial court's ruling on a writ of habeas corpus is reviewed on appeal for abuse of discretion and the evidence presented at the habeas hearing is reviewed in the light most favorable to the trial court's ruling. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *see also Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981). If the trial court's ruling is within the "zone of reasonable disagreement[,]" it will be affirmed. *See Cooley v. State*, 232 S.W.3d 228, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Excessive bail is prohibited by both the United States and Texas Constitutions. U.S. CONST. amends. VIII, XIV; Tex. Const. art. I, §§ 11, 13. By statute, courts are to consider the following factors in setting bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2. The power to require bail is not to be so used as to make it an instrument of oppression.
3. The nature of the offense and the circumstances under which it was committed are to be considered.
4. The ability to make bail is to be regarded, and proof may be taken upon this point.
5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. art. 17.15 (West 2005). Courts may also consider the defendant's work record, family ties, length of residency, past criminal record,

whether the defendant complied with previous bond conditions, whether the defendant has other outstanding bonds, and any aggravating factors that were involved in the defendant's offense. *See Rubac*, 611 S.W.2d at 849-50; *see also Ex parte Wood*, 308 S.W.3d 550, 552 (Tex. App.—Beaumont 2010, no pet.).

Tyler faces a four count indictment, and three of the counts relate to claims that she seriously injured her child. If convicted of the most serious charge, a first degree felony, Tyler could be sentenced to life in prison. *See* Tex. Penal Code Ann. § 22.04(e); *id.* § 12.32 (West 2011). If convicted of knowingly causing serious bodily injury to her child, Tyler would not be eligible for community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(I) (West Supp. 2012). Additionally, two of the counts of the indictment allege that Tyler used or exhibited a deadly weapon on the date she is alleged to have committed the offense. The serious nature of the allegations and the possibility of a substantial penalty if convicted are proper considerations regarding the amount that should be required for bail. *See Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. 1980) ("The nature of the offense and the circumstances of its commission should be considered, and this necessarily involves the punishment authorized by law.").

The evidence from the hearing reflects that Tyler had no personal ties to Polk County. A defendant's lack of connection to a county can be considered when

4

deciding what amount would be reasonable for a defendant's bail. *See Milner v. State*, 263 S.W.3d 146, 149, 151 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting lack of community ties to county in which bail was being set). The record also reflects that the trial court had previously reduced Tyler's bond from $75,000 to $50,000. Additionally, there is no evidence indicating that the bond of $50,000 was being used by the trial court as an instrument of oppression.

As the fact-finder, the trial court was also free to reject Tyler's testimony that she lacked sufficient resources to afford a $50,000 bond. *See Ex parte Frazier*, No. 09-11-00620-CR, 2012 Tex. App. LEXIS 650, at *7 (Tex. App.—Beaumont Jan. 25, 2012, no pet.). Evidence that a defendant cannot afford bail does not necessarily mean that a trial court abuses its discretion by denying a request to lower bail. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980). A defendant's ability to make bail, although an appropriate consideration, does not control the amount of bail even if the defendant is indigent. *Id.* "If the ability to make bond in a specified amount controlled, the role of the trial court in setting bond would be completely eliminated and the accused would be in the position to determine what his bond should be." *Milner*, 263 S.W.3d at 150.

Tyler's evidence tends to show that she could afford a bond of $10,000. Nevertheless, there was evidence that Tyler earned more than the amount she

testified that she earned before being incarcerated. Additionally, the trial court was aware that Tyler had retained counsel. We conclude the trial court could have reasonably concluded that Tyler failed to carry her burden to prove that she could not afford to post a bond of $50,000.

We conclude that Tyler has not shown that the trial court abused its discretion by requiring that she post a bond of $50,000 as bail. We overrule Tyler's sole issue and affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 7, 2013
Opinion Delivered June 26, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.