**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00111-CR**
_____


**EX PARTE KARAR MAYTHEM AL-SHAIBANI**

_____

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-03-02913-CR**
_____

**MEMORANDUM OPINION**

Karar Maythem Al-Shaibani appeals from an order denying his request to lower his bond from $500,000. In two issues, Al-Shaibani argues that his bail is excessive and should be reduced to $35,000. Al-Shaibani did not file a request for findings of fact or conclusions of law, and none were filed. After carefully reviewing the testimony in the hearing, we conclude that the record fails to show the trial court abused its discretion by refusing to reduce Al-Shaibani's bond.

1

Background

In March 2018, the State filed an information charging Al-Shaibani with the theft of property, which the State alleged was worth more than $300,000. *See* Tex. Penal Code Ann. § 31.03(e)(7) (West Supp. 2017). If proven, a conviction on the charge, as alleged, carries a potential penalty of life in prison. *See id*. § 12.32 (West 2011).

Following Al-Shaibani's arrest, the magistrate set his bond at $500,000. Subsequently, Al-Shaibani filed two requests seeking a lower bond. On March 5, 2018, he filed a motion to reduce his bond, and on March 12, 2018, he filed a writ of habeas corpus. The trial court denied both requests, the first after a hearing on March 8, 2018, and the second after an evidentiary hearing on March 22, 2018. Al-Shaibani subsequently perfected an appeal from the trial court's ruling denying his petition for habeas relief. We note our jurisdiction over Al-Shaibani's appeal. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991).

Five witnesses testified in the March 22 hearing: Al-Shaibani's sister, his fiancée, Al-Shaibani, a deputy constable, Jesse Bullinger, and a deputy employed by the Montgomery County Sheriff's Office, David Everton. Two of these witnesses, Al-Shaibani's sister and his fiancée, did not personally appear in the March 22

2

hearing but their testimony was admitted into evidence via a partial transcript of the testimony presented to the trial court during the March 8 hearing.

The testimony admitted during the March 22 hearing shows that Al-Shaibani was arrested during an operation conducted by the police at a truck stop. The operation involved the use of a drug dog, which was used to sniff the eighteen-wheelers that were in the parking lot. When the dog alerted on Al-Shaibani's truck, Al-Shaibani allowed police to look inside the trailer that was attached to his eighteen-wheeler.[1] Inside the trailer, the police found a significant number of auto parts. Deputy Bullinger testified that upon further investigation, he determined the parts inside the trailer had been stolen.

At the conclusion of the hearing, Al-Shaibani's attorney asked the trial court to reduce Al-Shaibani's bond to $35,000 based on the amount of money the evidence showed was available to his client to pay a premium on a bond. The prosecutor argued that the evidence before the trial court failed to show that Al-Shaibani had any family ties to the community, but did show that Al-Shaibani did not live in the community, that he had a prior conviction for driving while intoxicated, that he had been arrested previously after being charged with assault, and that Al-Shaibani was

_____

[1] The evidence in the hearing shows that Al-Shaibani's brother, not Al-Shaibani, owns the tractor that Al-Shaibani had parked in the parking lot before the search that resulted in his arrest occurred.

"wrapped up in something much bigger than what is in front of us here." The prosecutor noted that the evidence the State produced showed that the truck Al-Shaibani was driving had previously been driven into and out of Mexico a number of times, but he also acknowledged that the evidence about the truck's past use fell short of connecting Al-Shaibani to the tractor for the trips in which the truck had been driven into Mexico.

At the conclusion of the hearing, the trial court denied the writ. On that same day, Al-Shaibani filed a notice of appeal. *See* Tex. R. App. P. 31.

Standard of Review

In his brief, Al-Shaibani argues that the trial court abused its discretion by refusing to reduce his bond. In an appeal from the denial of a petition for writ of habeas corpus used to challenge the amount of a defendant's bail, the defendant must demonstrate that the bail the trial court required the defendant to post to gain his release was excessive. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980).

The primary purpose for requiring a defendant to post an appearance bond is to insure the defendant will appear when his case is called to trial. *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). In setting bail, the trial court is required to set bail in an amount that is high enough to reasonably assure that the

4

defendant will comply with the undertaking, but the amount should not be so high that it is being used as an instrument of oppression. *Id.*; *see also Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977).

On appeal, the decision the trial judge made in the habeas proceeding regarding a defendant's bail is not to be disturbed unless the trial court is shown to have abused its discretion. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013) (quoting *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981)); *see also Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). Even though an abuse of discretion standard applies to such rulings, the appellate court must nevertheless measure the habeas court's ruling against the factors that trial courts are directed to consider in setting bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015) (statutory factors for setting bail); *see also* Tex. Const. art. I, § 11-11a, 13 (proof must be evident to deny bail or not be excessive). By statute, courts are to consider the following factors when setting bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15. Additionally, when setting bail, courts are allowed to consider the defendant's work record, family ties, length of residency, past criminal record, whether the defendant complied with previous bond conditions, whether the defendant has other outstanding bonds, and any aggravating factors involved in the offense the defendant has been charged with having committed. *See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981); *see also Ex parte Wood*, 308 S.W.3d 550, 552 (Tex. App.—Beaumont 2010, no pet.).

Analysis

In his brief, Al-Shaibani argues that his bail is excessive under the United States and Texas constitutions, does not satisfy the legitimate interests of the government, and is being used as an instrument of oppression. According to Al-Shaibani, the trial court placed too much of its focus on the value of the property that the State charged him with stealing, and that, by doing so, the trial court failed to properly weigh all of the factors that it was required to consider in setting an appropriate bail.

The evidence from the hearing reflects that Al-Shaibani has no personal or family ties to Montgomery County or to Texas. A defendant's lack of connections to the county where his trial will occur can be considered in setting a reasonable bail. *See Ex parte Wood*, 308 S.W.3d at 552; *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Nevertheless, bail may not be excessive. Tex. Const. art I, § 13. The evidence in the hearing shows that Al-Shaibani, a native of Iraq, lives in Michigan with his fiancée. Now a United States citizen, Al-Shaibani works as a truck driver, and has an extended family that also lives in Michigan. Al-Shaibani testified that he has no significant assets, except that he has approximately $3,500 in savings. There was no evidence during the hearing that established the premium that Al-Shaibani might be required to pay for a bail bond to arrange for bail in the amount set by the court. There was also no evidence in the hearing that the amount of the bail was being used to keep Al-Shaibani in jail for an improper purpose, namely as a means of oppression.

While the State suggests in its brief that Al-Shaibani's occupation creates a risk of flight, the evidence admitted in the hearing shows that Al-Shaibani did not attempt to flee from police during their search of his eighteen-wheeler, that he cooperated in the search, and no evidence was before the court showing that Al-

7

Shaibani failed to appear in any prior criminal proceedings. While the evidence in the record shows that the truck Al-Shaibani was driving when he was stopped had previously been driven into and out of Mexico several times, the evidence does not show that Al-Shaibani was the person who drove the truck into Mexico. Moreover, Al-Shaibani testified in the hearing that he had never been to Mexico, and there is no evidence in the record that contradicts his testimony. The evidence admitted in the hearing includes a copy of Al-Shaibani's passport. The passport indicates that it expired in July 2012. No evidence was admitted in the hearing showing that Al-Shaibani's passport had ever been renewed. Finally, there was no evidence suggesting that any safety concerns existed to the insurance companies who were the alleged victims of the theft, or showing that Al-Shaibani might engage in additional thefts should he succeed in gaining his release by posting bond.

Nonetheless, Al-Shaibani and his family members who testified failed to show that he had exhausted his family resources in attempting to make bail. There is also no evidence regarding what assets Al-Shaibani's family members had available to them to assist him in making bail. Given the evidence before it, the trial court could have reasonably found that Al-Shaibani failed to meet his burden to establish that he had exhausted his family resources in an effort to make bail.

While Al-Shaibani's work as a truck driver and his lack of ties to Texas and to Montgomery County justifies a significant bond, the amount the trial court set for Al-Shaibani's bail, $500,000, is extraordinarily high for a theft case. Al-Shaibani's occupation involves extensive travel, but none of the cases we have located involving truck drivers indicate that a truck driver's occupation alone justifies a $500,000 bond in a case involving theft, the crime that is at issue here. *See Ex parte Hunt,* 138 S.W.3d 503, 507 (Tex. App.—Fort Worth 2004, pet. ref'd) (affirming five different bonds of $750,000, $500,000, $500,000, $500,000 and $250,000 in a case involving a truck driver with no ties to the community charged with two counts of capital murder, two counts of capital murder for hire, and one count of conspiracy to commit murder); *Ex parte Jozwiak,* 2005 Tex. App. LEXIS 402, at *9-11 (Tex. App.—Dallas Jan. 20, 2005, no pet.) (not designated for publication) (affirming ten bonds of $200,000 each for a truck driver charged with ten counts of manslaughter).

Courts are required to consider the nature and circumstances of a defendant's crime in setting bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15. Al-Shaibani is accused of committing theft. While the value of the property the State alleges that he stole is sufficient to result in a possible life sentence, no evidence in the record suggests that the thefts of the parts involved violence or that they resulted in anyone being injured. *See* Tex. Penal Code Ann. § 12.32. Although the officers who testified

suspected that Al-Shaibani might be involved in crimes involving additional thefts of auto parts other than those in his trailer, there was no evidence that Al-Shaibani had been charged with any other thefts, and no evidence showing that the police had developed probable cause to charge him with stealing any additional property beyond the property found in the trailer attached to his truck. The fact that a crime carries a potential life sentence is insufficient, by itself to justify setting a bail of $500,000.

The defendant's ability to make bail is also considered in reviewing the trial court's ruling on a petition for habeas relief. *See* Tex. Code Crim. Proc. Ann. art. 17.15(4). During the March 22 hearing, Al-Shaibani testified that he could pay a bond of $35,000. He explained that he owns no real estate, does not own a vehicle, has no property to sell to raise money to make bond, has only approximately $3,500 in the bank, and that he owes $5,000 on his credit cards. Nevertheless, evidence relevant to the defendant's inability to make bail is one consideration, and the defendant's inability to make bail, standing alone, does not control the amount that is appropriate for a defendant's bail. *See Milner,* 263 S.W.3d at 149; *see also Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980); *Ex parte Branch,* 553 S.W.2d 380, 382 (Tex. Crim. App. 1977).

Generally, the defendant bears the burden of proving that his bail is excessive. *Ex parte Rubac*, 611 S.W.2d at 849. To meet that burden, the defendant is usually required to show that he made an effort that proved unsuccessful to furnish bail in the amount set for his bond. To prove an inability to make bail, a defendant must generally show that he cannot make the bail in the amount the trial court set by utilizing his own funds and those that might be made available to him by the members of his family. *See Ex parte Willman*, 695 S.W.2d 752, 754 (Tex. App.— Houston [1st Dist.] 1985, no pet.). In the absence of such proof, the defendant is required to show that he tried but failed to obtain bail in the amount the trial court set. *Id.*

Al-Shaibani's testimony does not reflect that he attempted to obtain a bond from a bail bondsman. Additionally, although the transcript of the testimony elicited from Al-Shaibani's sister and his fiancée, as well as Al-Shaibani's testimony, shows that they failed to address whether his family members had resources that could be made available to pay a premium on a bond that would allow Al-Shaibani to make bail by posting a bond of $500,000 to secure his appearance when his case is called for trial. And, neither Al-Shaibani's sister, his fiancée, nor Al-Shaibani testified that Al-Shaibani had asked family members for assistance with his bail, or whether if asked, they would have refused.

11

"Unless [the defendant] has shown that his funds and those of his family have been exhausted, a defendant must usually show that he made an unsuccessful effort to furnish bail before bail can be determined to be excessive." *Milner*, 263 S.W.3d at 149 (citing *Ex parte Willman*, 695 S.W.2d at 754). Even though the amount of bail in this case and under these circumstances is extraordinarily high for a case involving theft, we conclude the trial court's order cannot be overturned because Al-Shaibani failed to meet his burden to prove he had exhausted his funds and those of his family in an unsuccessful effort to furnish bail. We cannot conclude on the record currently before us that the trial court abused its discretion when it denied Al-Shaibani's writ of habeas corpus seeking a reduced bail. We overrule Al-Shaibani's issues and affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 18, 2018
Opinion Delivered July 11, 2018
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

# CONCURRING OPINION

I respectfully concur. I join the Majority in concluding that the trial court's decision should be affirmed. But, I write separately because I cannot agree with the statement in the Majority that the $500,000 amount of bail in this case "is extraordinarily high for a case involving theft[.]" No such evidence was presented to the trial court, and the defendant did not make this argument in the trial court and he has not made the argument on appeal. I would consider the statement by the Majority to be obiter dictum.

There may be facts and circumstances in particular cases that could justify even higher amounts. For example, in *Ex parte Goodson*, No. 01-15-00288-CR, 2015 Tex. App. LEXIS 3977, at *1 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015, no pet.) (mem. op., not designated for publication), one of the cases cited by the State in its appellate brief in this matter, the defendant was charged with theft of over $200,000 and his bail was set by the trial court at $750,000.[2] The First Court of Appeals described the $750,000 bail as "within the range of bail amounts that have been upheld for other first-degree felonies." *Id.* at *9. Therein, the First Court of

---

[2] According to the unpublished opinion, Goodson allegedly stole over two million dollars of checks from his employer, and none of the money had been recovered at the time of the bail reduction hearing. *See Ex parte Goodson*, No. 01-15-00288-CR, Tex. App. LEXIS 3977, at **1-2 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015, no pet.) (mem. op., not designated for publication).

1

Appeals also cited to other high-dollar bail cases that were upheld in first-degree felony theft cases. *Id.* at 9-10.

While this Court or other courts might find it instructive to reference or compare the amount of bail set by other courts in other cases, each case must be reviewed by appellate courts under an abuse of discretion standard, and in accordance with the factors that trial courts are directed to follow in setting bail. *See* Tex. Code Crim. Proc. Ann. art. 17.15 (West 2015); *see also* Tex. Const. art. I, §§ 11, 11a, 13. The range of amounts set for bail in first-degree felony theft cases may vary, will likely change over time, and more importantly depend upon the evidence, facts, and circumstances of each particular case.

Considering the evidence presented at the hearing and the arguments made by the defendant in the case before us, I would affirm without including the statement that the amount is "extraordinarily high for a case involving theft[.]" Therefore, I conclude that the trial court did not abuse its discretion in refusing to reduce the bail below $500,000.

_____
LEANNE JOHNSON
Justice

Submitted on May 18, 2018
Concurring Opinion delivered July 11, 2018