**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00290-CR**
_____

**EX PARTE GEORGE GLYNN BANTA**

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 20-11-14200-CR

**MEMORANDUM OPINION**

George Glynn Banta appeals from an order denying his request to lower his bail from $250,000. In one issue, Banta argues the bail requirement the trial court established is excessive. He contends the trial court should have granted his motion and lowered the bail requirement from $250,000 to an amount he claims he can afford. We conclude the record fails to establish the trial court abused its discretion by denying Banta's motion to reduce his bail. We will affirm.

Background

In November 2020, the State charged Banta with the continuous sexual abuse of three children, an offense punishable as a first-degree felony. The State charged Banta after police, through the detective placed in charge of the investigation, learned from several members of Banta's family that Banta had molested three of his daughters.

Based on what the detective learned during the investigation the detective conducted to determine whether Banta had molested three of his children, the detective signed an affidavit for a warrant authorizing Banta's arrest. Relying on the detective's affidavit, a magistrate issued a warrant for Banta's arrest. Then, police arrested Banta and placed him in jail. Subsequently, the trial court conducted a hearing to establish the requirements Banta needed to meet to make bail. Among the conditions, the court's order setting bail required Banta to put up $250,000 to make bail.[1]

Banta retained an attorney to assist with his defense. Two weeks after the trial court signed the order setting bail, Banta's attorney, by motion, asked the court to lower Banta's bail to $10,000. In the motion, Banta alleged he cannot afford the expenses required to obtain a surety bond that he needs to comply with the trial

---

[1]*See* Tex. Penal Code Ann. § 21.02. The transcript from the hearing in which the trial court set Banta's original bail is not among the records Banta obtained to support his appeal.

court's order. Banta's motion alleges Banta can make bail if the trial court agreed to lower Banta's bail to $10,000. Banta filed a sworn statement supporting his motion. In it, Banta swore he cannot afford the premium he would be charged for a surety bond of $250,000. In the sworn statement, Banta explained he can no longer earn income as a self-employed contractor since he is in jail. Banta's sworn statement explains that Banta receives governmental benefits from certain programs, which he specified. Yet, Banta neither provided the trial court with the dollar amount of the benefits he receives from these programs, nor did Banta disclose the total value of the benefits he gets based on his participation in the programs.

In December 2020, the trial court heard Banta's motion asking the trial court to reduce his bail. Banta and his brother, Ken McWilliams, were the only witnesses who testified in the hearing. When the hearing began, the prosecutor explained the police had arrested Banta after learning that several of Banta's family members had claimed, in reports they filed with authorities, that Banta was sexually abusing three of his children. Two of Banta's daughters and three of his sons were interviewed at Children's Safe Harbor during the investigation conducted by the State. According to the detective's affidavit, which summarizes the investigation, the children told the forensic interviewer that Banta had molested three of his daughters. The detective's affidavit set out the various sexual acts the children alleged Banta committed against his daughters. The prosecutor explained the investigation into Banta's case shows

3

that, beginning in November 2014 and through November 2020, Banta had molested three of his daughters, the oldest of whom is now nineteen. The prosecutor represented the evidence that will be presented in the trial shows that Banta's improper sexual relationship with his oldest daughter started when she was twelve. The prosecutor also told the court that the State had learned there are "other outcries from other complainants," and she stated the State's investigation into Banta's activities had not yet been completed.

At the end of the hearing, Banta's attorney asked the trial court to lower Banta's bond to $15,000. In response, the State argued Banta's current bond, $250,000, is reasonable based on allegations in the information charging Banta with continuous sexual abuse of children. The prosecutor also claimed Banta's current bail is reasonable given the "violence that's been alleged and the danger that [Banta] poses to the children in our community."[2] When the hearing concluded, the trial court signed an order denying Banta's motion to reduce bail.

---

[2]*See generally Esquivel v. State*, 922 S.W.2d 601, 603 (Tex. App.—San Antonio 1996, no pet.) ("The [sex] offenses charged in this case . . . are extremely repugnant. Considering that the accused is the natural father of the victim, a greater sense of helplessness and overreaching by a person in authority cannot be imagined. A child has a right to look to her parents for support and guidance when there are no others. Such behavior, if true, not only is an affront to a civilized society, but to any primitive tribe of people as well.").

## Standard of Review

In an appeal from the denial of a defendant's request to lower his bail, the defendant must prove the bail conditions of the bail order he is challenging are excessive.[3] On appeal, Banta complains mainly about whether the requirement that he put up $250,000 as his bail is reasonable given the evidence and testimony before the trial court in the hearing the trial court conducted on Banta's motion for a reduced bail.

The reason the courts require defendants in criminal cases to post appearance bonds is to ensure that they will appear when their cases are called for trial.[4] In setting bail, the trial court must set the defendant's bail in an amount sufficient to provide reasonable assurance that the defendant will comply with the obligations created in the order setting bail; but the amount of the defendant's bail should not be so high that the requirements in the bail order are being used as an instrument of oppression.[5]

In an appeal challenging the conditions of an order setting bail, the trial court's ruling denying a motion requesting a lowered bail will be affirmed unless the record shows the trial court abused its discretion when it refused to grant the motion and

---

[3]*Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980); *Ex parte Willman*, 695 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1985, no pet.).
[4]*Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977).
[5]*Id.*; *see also Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977).

ordered a reduced bail.[6] When applying the abuse-of-discretion standard to such rulings, we look to the evidence as it relates to the factors for setting a defendant's bail in article 17.15 of the Code of Criminal Procedure.[7] Under article 17.15, the trial court must consider these factors in setting bail:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3. The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4. The ability to make bail is to be regarded, and proof may be taken upon this point.
>
> 5. The future safety of a victim of the alleged offense and the community shall be considered.[8]

Along with the above, trial courts may consider the defendant's work record, family ties, length of residency in the county where the case is filed, past criminal

---

[6]*Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981); *see also Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).
[7]*See* Tex. Code Crim. Proc. Ann. art. 17.15 (statutory factors courts are to use in setting bail); *see also* Tex. Const. art. I, § 13 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.").
[8]Tex. Code Crim. Proc. Ann. art. 17.15.

record, and whether the defendant has complied with the conditions of any prior bonds when deciding what amount represents a reasonable bail.[9]

## Analysis

After the trial court denied Banta's motion, none of the parties asked the trial court to reduce its findings to writing. When we do not have the benefit of written findings, we imply the trial court denied the motion based on any grounds the evidence and testimony before the court in the hearing supports. In the present case, we focus on the trial court's implied ruling that Banta failed to meet his burden to prove he cannot afford the expenses he would be required to incur should he arrange for a surety bond of $250,000 to make bail.[10]

Together with the question of affordability, we also imply the trial court considered the serious charge Banta faces and the likely penalty that could result if he is ultimately convicted of the charge in a trial. Banta is charged with the continuous sexual abuse of children. If convicted, the punishment range available will require the factfinder to give Banta a minimum sentence of at least twenty-five years. And he may face a longer sentence if convicted since the factfinder, at punishment, will be instructed to consider a sentence of up to 99 years, or life.[11]

---

[9]*See Ex parte Rubac*, 611 S.W.2d 848, 849-50 (Tex. Crim. App. 1981); *see also Ex parte Wood*, 308 S.W.3d 550, 552 (Tex. App.—Beaumont 2010, no pet.).

[10]*Ex parte Hulin*, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

[11]*Id.*

There are also aggravating factors in Banta's case beyond the mandatory minimum sentence he faces if convicted. As alleged in the information, Banta stands charged with continuously molesting three victims, all children, over a period of six years. Another aggravating factor is that, should Banta be convicted, he will be ineligible for parole.[12]

While the State called no witnesses during the hearing on Banta's motion, the trial court was not required to defer to Banta's affidavit or to the testimony of the witnesses he presented in the hearing in deciding whether he met his burden of proof.[13] As the factfinder in the hearing, the trial court could believe or disbelieve any of the testimony of the witnesses Banta called.[14] Even when looking to the sparse testimony that is in the record, neither Banta nor his brother proved they tried to determine whether Banta had resources he could use to arrange for bail. For example, none of the testimony shows Banta or his brother contacted a bail bondsman or any family members to determine whether they would make funds available to Banta so he could pay the expenses needed to post bail.

The information Banta included in his sworn statement also fails to show he cannot secure a surety bond of $250,000. While Banta's sworn statement reflects he has $49 in cash, the statement does not show how much property he owns. For

---

[12]Tex. Gov't Code Ann. § 508.145(a).
[13]*See Ex parte Wheeler*, 203 S.W.3d at 325-26.
[14]*Id*. at 326.

instance, Banta's statement shows he owns a house, which he valued at $105,000. The statement then fails to explain whether the house is Banta's homestead or whether there is a mortgage on the house. Banta also failed to fill out the lines on the statement that if filled out, would have identified whether Banta has bank accounts as well as accounts at other financial institutions. Banta did not fill out the part of his statement to reveal whether he owns any cars, boats, or trucks. That said, the information Banta included in the statement reflects he has a $105,000 house, a house that Banta never testified or claimed was unavailable to be used as collateral to raise the money and to guarantee the expenses he would incur for a $250,000 surety bond.

We acknowledge that during the hearing, Banta testified he could not afford to pay the expenses to post a $250,000 surety bond. Yet as the factfinder in the hearing, the trial court was not required to believe him. Turning to Banta's brother, he also never testified that Banta did not have the assets he needed to arrange for his bail. Boiling it down, we conclude Banta failed to meet his burden of proof and show he cannot afford the expenses he will incur to post bail. We also cannot say the current bond, $250,000, is unreasonable. In cases like Banta's, our sister courts have refused to find that bails of up to $1,000,000 were excessive.[15]

---

[15]*See, e.g., Clemons v. State*, 220 S.W.3d 176, 177-79 (Tex. App.—Eastland 2007, no pet.) (per curiam) (approving total bail set at $600,000 in case involving two indictments for aggravated sexual assault of child and two indictments for

In conclusion, Banta had to prove the ruling the trial court made in the hearing is unsupported by the record.[16] Banta failed to do so in his appeal. He has neither shown he exhausted his own resources, nor shown that he cannot obtain the funds that are available to him from members of his family who could assist him with his bail.[17] For these reasons, we overrule Banta's issue and affirm the trial court's order.

---

indecency with child, when the defendant stated he could not afford bail but failed to provide evidence that he attempted to raise funds from family and friends); *see also Ex parte Greenwood,* No. 09-17-00257-CR, 2017 Tex. App. LEXIS 10439, at *1-11 (Tex. App.—Beaumont Nov. 8, 2017, no pet.) (mem. op., not designated for publication) (affirming a $1,000,000 bail in a case involving an indecency with a child by sexual contact indictment, based on charges alleging the defendant committed the offense while on bond and was awaiting trial for the continuous sexual abuse of a child); *Ex parte Donaldson,* Nos. 14-16-00091-CR, 14-16-00092-CR, 14-16-00093-CR, 2016 Tex. App. LEXIS 8723, at *1-11 (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, no pet.) (mem. op., not designated for publication) (affirming a bail totaling $270,000 in a sexual assault of a child case, affirming the trial court order where the record before the reviewing court contained sparse evidence supporting the defendant's claim he could not afford bail); *Ex parte Lewis*, No. 02-13-00313-CR, 2013 Tex. App. LEXIS 11637, at *1-14 (Tex. App.—Fort Worth Sept. 12, 2013, no pet.) (mem. op., not designated for publication) (affirming a $750,000 bail, each, for three counts of aggravated sexual assault of a child, a $500,000 bail for one count of attempted aggravated sexual assault of a child, and a $250,000 bail for one count of indecency with a child); *Ex parte Moore,* No. 03-12-00259-CR, 2012 Tex. App. LEXIS 4556, at *1-24 (Tex. App.—Austin June 8, 2012, no pet.) (mem. op., not designated for publication) (affirming $475,000 bail in a case charging the defendant with continuous sexual abuse of a child when the defendant provided only vague evidence to reveal his assets and resources).

[16]*See Ex parte Wheeler*, 203 S.W.3d at 326.

[17]*Ex parte Willman*, 695 S.W.2d at 754; *Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim. App. 1975).

AFFIRMED.

_____
                    HOLLIS HORTON
                    Justice

Submitted on March 1, 2021
Opinion Delivered June 23, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

11